IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN ACETO ) | |
| ) | |
|     et al. ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 19-cv-464 (BAH) |
| ) | |
| THE ISLAMIC REPUBLIC OF IRAN ) | |
| ) | |
|     Defendant. ) | |

**<u>PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT</u>**

Plaintiffs Steven Aceto et al., hereby move for entry of default pursuant to Rule 55(a), Fed. R. Civ. P., against Defendant the Islamic Republic of Iran. In support thereof, Plaintiffs state as follows:

Defendant has been properly served under the Foreign Sovereign Immunities Act ("FSIA") pursuant to 28 U.S.C. Section 1608(a)(4), as certified to the Court by the United States Department of State. ECF Docket # 19. "Diplomatic service" was accomplished on July 3, 2019. Defendant's Answer was due on Sept. 1, 2019. <u>See</u> ECF Docket #19: "Answer due 9/1/2019"). Defendant Iran has not submitted an Answer or any other response. By failing to respond, Defendant is in default. Accordingly the Clerk of the Court may enter a Default.

      This claim is brought pursuant to the "terrorism exception" of the Foreign Sovereign Immunities Act, 28 U.S.C. Section 1605A. All plaintiffs are survivors of the Khobar Towers terrorist bombing on June 25, 1996, at the U.S. Air Force Base in Dhahran, Saudi Arabia. All suffered injuries. The same Defendant, the Islamic Republic of Iran, has previously been held liable for providing material support and resources to support that terrorist attack.

1

E.g., *Akins v. Islamic Republic of Iran*, 332 F. Supp. 3d 1 (D.D.C. 2018); *Schooley v. Islamic Republic of Iran*, No. 17-1376 (D.D.C. June 27, 2019)(BAH); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40 (D.D.C. 2006); *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006); *Rimkus v. Islamic Republic of Iran*, 750 F. Supp.2d 163 (D.D.C. 2010).

Plaintiffs have complied with all requirements for service on defendant the Islamic Republic of Iran under 28 U.S.C. Section 1608(a), which provides for service over a foreign sovereign and its political subdivisions in one of four ways. The first two, by (1) "special arrangement for service between the plaintiff and the foreign state," and (2) "in accordance with an applicable international convention on service of judicial documents," are inapplicable here.[1] Section 1608(a)(3), requiring attempted service "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned," was attempted here. ECF Docket # 12 (Certificate of Clerk showing transmission by registered mail, return receipt requested, of summons, complaint, and notice of suit, along with translations into Farsi, to the head of the ministry of foreign affairs of Iran.)

If service cannot be made pursuant to any of the first three subdivisions of Section 1608(a), and after the lapse of at least 30 days, subdivision (a)(4) of that provision authorizes "diplomatic service" by requesting the Clerk of the Court to send two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the

---

[1] This Court has repeatedly so held. E.g., *Braun v. Islamic Republic of Iran*, CA No.15-cv-1136 (BAH)(D.D.C. Jan. 9, 2017) Memo. Opinion at 15 ("Defendants have neither made a special arrangement for service with the plaintiffs nor entered into any international convention governing service….")

foreign state, to "the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when papers were transmitted."  After the lapse of more than 30 days from the attempted registered mail service, the Clerk in this case did transmit the required papers to the State Department.  ECF Docket #17.  On July 30, 2019 the State Department filed with the Clerk of the Court a letter attesting to transmission of the required papers through diplomatic channels pursuant to 28 U.S.C. 1608(a)(4), and a certified copy of the diplomatic note attesting to transmission of the required papers to the foreign minister of Iran on July 3, 2019.  ECF Docket #19.  Thus, "diplomatic service" pursuant to subdivision (a)(4) of Section 1608 of the FSIA was successfully executed on July 3, 2019.

Accordingly, the requirements for service on Defendant Iran of Section 1608 of the Foreign Sovereign Immunities Act have been satisfied.  Pursuant to 28 U.S.C. Section 1608(d), defendants had sixty days after service was effected to answer or otherwise respond.   That time lapsed on September 1, 2019, with no response from defendant.

Under Rule 55(a), the Clerk of the Court may now enter a default, and plaintiffs so move.

CONCLUSION

For the reasons stated, plaintiffs move for entry of default against Defendant the Islamic Republic of Iran.

Respectfully submitted,

/s/__Paul G Gaston_____
Paul G. Gaston, DC Bar #290833
LAW OFFICES PAUL G. GASTON
1901 Pennsylvania Avenue, NW, Suite 607
Washington DC 20006
202-296-5856
paul@gastonlawoffice.com
*Attorney for Plaintiffs*